IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTIN SURI, | |
| Plaintiff, | Case No. 24 CV 7213 |
| v. | Honorable Sunil R. Harjani |
| ARBITRATOR JENNIFER BAE; SDI PRESENCE, LLC; SHAREE WOLFE, SDI'S CHIEF FINANCIAL OFFICER; DAWN PFEIFFER, SDI'S CHIEF MARKETING OFFICER, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss brought by Defendants Arbitrator Bae and the Illinois Workers' Compensation Commission ("IWCC"). Defendants refer to themselves as the "State Defendants," so the Court will do so here. The State Defendants argue that the Eleventh Amendment bars the claim against the IWCC, that the Court should decline to hear the claim against Arbitrator Bae on principles of federal abstention, and that Arbitrator Bae is entitled to judicial immunity as an arbitrator for the IWCC. For the reasons stated below, the Court finds that the arbitrator and the IWCC are judicially immune, and the Motion to Dismiss [105] is granted.

### Background

Plaintiff originally brought this case *pro se*, alleging various claims against the State Defendants, SDI Presence, LLC, and Daniel Grant.[1] After the Court appointed counsel for Plaintiff, Plaintiff filed an Amended Complaint [50] asserting claims against the same defendants, adding Dawn Pfeiffer, Sharee Wolfe, various law enforcement entities, and individual law enforcement officers. Because the motion to dismiss at issue relates only to the claim against the State Defendants, the Court focuses on that claim, a due process claim under Title 18, United States Code, Section 1983 in connection with an IWCC proceeding. Specifically, Plaintiff alleges Defendant Jennifer Bae, an arbitrator for the IWCC, violated his right to due process by failing to provide him notice of hearings through the IWCC's CompFile case management system.[2]

---

[1] Plaintiff voluntarily dismissed Grant with prejudice [99] prior to the filing of the State Defendants' Motion to Dismiss.

[2] The Second Amended Complaint and Plaintiff's Response to Defendants' Motion to Dismiss are unclear whether Plaintiff's claim involves the lack of notice of one hearing or multiple hearings. But, this does not impact the Court's

The Court accepts the facts alleged by Plaintiff in his Second Amended Complaint as true to consider Defendants' Motion to Dismiss. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). In 2022, Plaintiff brought a workers' compensation claim against Defendant SDI Presence, LLC before the IWCC. After Plaintiff submitted a motion to reassign the original arbitrator, the case was reassigned to Arbitrator Bae. Although the details of the IWCC proceeding are not entirely clear from the complaint, Plaintiff alleges that he received a CompFile notification of an in-person hearing set for May 14, 2024, and that was scheduled on April 26, 2024. Plaintiff alleges he was not notified of the April 26 hearing through CompFile and thus did not participate in scheduling the May 14 hearing. Plaintiff subsequently filed several motions to substitute Arbitrator Bae and for sanctions. Plaintiff also submitted complaints to the IWCC about the alleged lack of notice and *ex parte* communications between Arbitrator Bae and SDI Presence, LLC's attorney in the IWCC proceeding. Specifically, Plaintiff complained that Arbitrator Bae and SDI Presence's attorney engaged in *ex parte* communications on three different dates (presumably during IWCC hearings) for which Plaintiff received no notification through CompFile. Arbitrator Bae ultimately dismissed Plaintiff's IWCC case on September 16, 2024. The basis of Plaintiff's claim against Arbitrator Bae before this Court is the alleged insufficient notice of the hearings.

The State Defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6), arguing: 1) that the Court should sever the claims against the law enforcement entities and officials; 2) that the Court should decline to hear the claim against Arbitrator Bae on principles of federal abstention; 3) that Arbitrator Bae is entitled to immunity; and 4) that the Eleventh Amendment bars any claims against the IWCC.

After the Motion to Dismiss was filed on March 12, 2025, various events partially mooted the motion. On April 7, 2025, Plaintiff filed a motion to sever [125] the "employment claims" from the claims brought against the law enforcement entities and individuals. After a hearing on the motion to sever on April 10, 2025, this Court granted the motion on the pending claims against the law enforcement entities and individuals. [131]. Also, on April 7, 2025, Plaintiff filed a notice of voluntary dismissal of the IWCC with prejudice [127], and on April 17, 2025, Plaintiff filed a Second Amended Complaint [133], which did not name IWCC as a defendant. The allegations against Arbitrator Bae were not materially changed from the First Amended Complaint. For reasons discussed on the record during a telephonic hearing on April 10, 2025, the State Defendants were not required to refile their Motion to Dismiss. *See* [131]. As a result of the severance and dismissal of Defendant IWCC, the only issue left for the Court to consider is whether to dismiss the claim against Arbitrator Bae.[3]

---

analysis because the key issue is whether the act of providing notice is a "judicial act" for which Arbitrator Bae is entitled to immunity, regardless of the number of hearings at issue.

[3] In their Reply Brief, the State Defendants ask the Court to strike Plaintiff's prayer for relief because it seeks judgment against the IWCC even though the IWCC has been dismissed as a defendant. [138] at 2. That request is granted.

## Discussion

A Rule 12(b)(1) motion provides for dismissal of a claim based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "If the federal courts lack subject matter jurisdiction, then [they] can go no further and must dismiss the suit." *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint for a motion to dismiss, the Court construes it in the light most favorable to the nonmoving party, accepts well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

## Immunity

Arbitrator Bae argues that she is entitled to immunity as an arbitrator for the IWCC. Plaintiff does not dispute that Arbitrator Bae enjoys absolute immunity as an arbitrator for her judicial acts. He argues, however, that Arbitrator Bae's alleged failure to provide proper notice in the IWCC proceeding is not a judicial act for which she is entitled to immunity. As an initial matter, the parties are correct that Arbitrator Bae is entitled to immunity as an arbitrator for the IWCC. "Workers' compensation arbitrators in Illinois are not private arbitrators but administrative law judges who work for the state . . . Absolute judicial immunity extends to the judicial acts of such officials." *Johnson v. Thompson-Smith*, 700 F. App'x 535, 537–38 (7th Cir. 2017).

The parties are also correct that judicial immunity applies only to judicial acts and not to ministerial or administrative acts. *See, e.g.*, *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005). Immunity extends to such actions even if they are taken in error, maliciously, or in excess of authority. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Plaintiff argues that "Arbitrator Bae and/or the IWCC's duty to provide notice through CompFile is a purely administrative or executive function involving no judicial discretion[.]" [132] at 8. Plaintiff further contends that notice requirements under the IWCC procedures and Illinois law are not discretionary and "do not involve judicial decision making . . . but rather are purely administrative processes in order to give notice to parties involved in disputes at the IWCC." *Id.* at 10.

The United States Supreme Court counsels that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The Seventh Circuit has also noted that courts have generally considered three factors in determining whether an act is "judicial" in nature:

> (1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might as well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, *i.e.,* whether the parties dealt with the judge as judge.

*Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985) (cleaned up). Assuming, for this motion, that Administrator Bae failed to provide Plaintiff with proper notice during the IWCC proceeding, such

an error would fall within the category of "judicial acts." In *Lowe*, the plaintiff alleged that a state court judge delayed a ruling on his state post-conviction relief petition for four years and that, once a decision was made, the judge, the clerk, and the attorney general withheld notice that an order had been entered for three weeks in violation of his constitutional rights. *Id.* at 310. The issue before the Seventh Circuit was whether the delay in ruling on the petition and withholding notice that an order had been entered fell within the category of "judicial acts." The Seventh Circuit determined they did and held that "like a judge's decision as to when an order should issue, his decision as to whether and how notice should be given is also immunized." *Id.* at 313. The court reasoned that "[i]nterference with giving notice cannot be classified as merely administrative so as to avoid the immunity defense; it is too much an integral part of the total judicial process, in contrast, for example, to the mere typing and posting of the notice by a clerk which is a ministerial task." *Id.*

Like providing notice of an order, providing notice of a hearing is "an integral part of the total judicial process."[4] Incidentally, the Court notes that Plaintiff appears to have received notice of some hearings, including the May 14, 2024, hearing through the CompFile system soon after it was set. His main complaint appears to be that Arbitrator Bae interfered with his ability to be present at the April 2024 hearing where the May date was set. The Second Amended Complaint alleges that Arbitrator Bae herself set the hearing date and failed to include the hearing date in the CompFile system, and there are no allegations that Arbitrator Bae was acting outside of her capacity as an arbitrator in Plaintiff's IWCC case. Thus, if Arbitrator Bae interfered with providing Plaintiff notice of one or more hearings in the IWCC proceeding, the Court finds that such an act would be "judicial" in nature for which Arbitrator Bae is entitled to absolute judicial immunity.

That that the procedures for providing notice might be mandated by IWCC rules or statute, as Plaintiff argues, does not change this determination. Indeed, in *Dawson v. Newman*, the Seventh Circuit rejected a similar argument. 419 F.3d at 661–62. There, the plaintiff brought a lawsuit under Section 1983 against a state court judge, the County Clerk of Court, the Indiana Department of Corrections, and parole officials. *Id.* at 658. The plaintiff alleged that, after the judge ordered plaintiff's immediate release from custody, the judge's office failed to submit a copy of the judge's release order to the Department of Corrections, resulting in an additional fourteen months of confinement. *Id.* The district court dismissed the claims against the judge with prejudice because he was entitled to absolute immunity. *Id.* On appeal, the plaintiff argued that the judge's failure to transmit the order was not a "judicial" act, citing an Indiana statute that "imposes a requirement upon 'the court' to notify the DOC of a corrected or modified sentence." *Id.* at 661 (quoting Ind. Code § 35–38–1–16 (2004)). The Seventh Circuit affirmed the district court's decision, noting that to the extent the statute "imposes any duty on the judge himself (as opposed to the court clerk or other court staff as part of 'the court' as an institution), the judge is acting in his judicial capacity, the parties are dealing with the judge as a judge, and the judge's alleged failure to act is entitled to absolute immunity." *Id.* (internal quotation marks and citation omitted). Thus, to the extent

---

[4] The same is true for the act of scheduling a hearing. *See, e.g.*, *Thompson v. Duke*, 882 F.2d 1180, 1184 (7th Cir. 1989) ("In the judicial context, scheduling a case for hearing is part of the routine procedure in any litigated matter. However, the fact that the activity is routine or requires no adjudicatory skill renders that activity no less a judicial function.").

4

Plaintiff argues that the IWCC rules or state statute impose a nondiscretionary duty on Arbitrator Bae, "it follows that the acts or omissions in the performance of that judicial duty are immunized." *Id.* at 662.

The Court notes that the Second Amended Complaint includes allegations of other purported misconduct, including *ex parte* communications between Arbitrator Bae and SDI Presence's attorney and that Arbitrator Bae improperly decided Plaintiff's request for recusal. To the extent Plaintiff argues that other allegations form the basis of a due process violation, such arguments are undeveloped. The cause of action against Arbitrator Bae complains only about insufficient notice of hearings, where only the opposing side appeared and during which one or more hearings were set. Further, Plaintiff only addresses the alleged failure to give notice in his briefing on the State Defendants' motion, wherein he confirms that the action against Arbitrator Bae "has nothing to do with the merits of the hearing, and everything to do with no notice being given through CompFile[.]" [132] at 10. Regardless, these other allegations involve judicial acts for which Arbitrator Bae is entitled to immunity. *See, e.g.*, *Forrester v. White*, 484 U.S. 219, 227, (1988) ("[T]he informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character."); *Johnson v. McCuskey*, 72 F. App'x 475, 476 (7th Cir. 2003) (holding a judge's decision on a motion for change of venue was entitled to absolute immunity).

For the foregoing reasons, the Court finds that Arbitrator Bae is entitled to judicial immunity, and Plaintiff's claim is barred.[5]

## Remedies Sought

Even if Arbitrator Bae was not entitled to immunity, the Court could not provide the relief sought by Plaintiff. Plaintiff requests the court enter judgment to: 1) order the State Defendants to reinstate the IWCC case; 2) require the State Defendants to send emails regarding hearing and other dates in addition to ensuring dates are recorded in CompFile; and 3) require the State Defendants to comply with the Illinois Administrative Code and ensure due process is followed. [133] at 24. Plaintiff has provided no authority to suggest this Court can order an IWCC arbitrator to vacate a decision and reinstate a case. In any event, the Seventh Circuit has clarified that bringing a federal Section 1983 lawsuit is not the proper avenue for addressing errors in an IWCC arbitration. *See Thompson-Smith*, 700 F. App'x at 538 ("If a party believes an arbitrator has erred in a particular case, that party should pursue those paths for review under state law, not bring a § 1983 suit based on alleged federal constitutional violations.").

Further, Plaintiff cannot show that he is entitled to the injunctive relief he seeks. Injunctive relief against a judicial officer is generally unavailable under Section 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *See McCuskey*, 72 F. App'x at 477. Plaintiff seemingly argues that declaratory relief was unavailable to him. Plaintiff contends that "[b]ecause Defendant dismissed Plaintiff's case without properly giving Plaintiff notice of the hearing where dismissal was granted, Plaintiff was unable to seek declaratory relief or other relief through a direct appeal." [132] at 11. It is unclear why Plaintiff could not get

---

[5] Having come to this determination, the Court does not address Defendants' arguments about federal abstention principles.

relief through the IWCC appeals process and Illinois courts. As has been recognized by the Seventh Circuit, "decisions by arbitrators are subject to review by the Workers' Compensation Commission and ultimately the state courts." *Thompson-Smith*, 700 F. App'x at 538; *see Handbook on Worker's Compensation and Occupational Diseases*, 11 (updated June 6, 2024), https://iwcc.illinois.gov/content/dam/soi/en/web/iwcc/documents/handbook/IWCC%20handbook%2006.06.24.pdf (describing the right to appeal an arbitrator's decision to a panel of three commissioners and Illinois state courts). Plaintiff has not demonstrated that he could not avail himself of the IWCC and state court appeals process.

Moreover, to obtain equitable relief, "a plaintiff must show that he has 'an inadequate remedy at law and [ ] a serious risk of irreparable harm' and that he is seeking 'prospective' relief." *Outley v. Feinerman*, 2023 WL 4157185, at *6 (N.D. Ill. June 22, 2023) (quoting *Pulliam v. Allen*, 466 U.S. 522, 537 (1984)). Plaintiff cannot make this showing, since the alleged conduct at issue already occurred, the IWCC case was terminated, and Plaintiff could have availed himself of the available appeals process. *See id.* (rejecting plaintiff's claim for declaratory relief related to a district court's past evidentiary rulings and a trial that had already ended).

## Dismissal With Prejudice

Plaintiff further argues that if the Court finds that Arbitrator Bae is entitled to judicial immunity, any dismissal should be without prejudice to allow Plaintiff to amend his claim to seek only declaratory judgment relief. Plaintiff argues that he "should still be able to pursue a declaration in this Court that the failure of Defendant to give proper notice violated his due process rights and, therefore, the dismissal of his case based on a failure to appear should be vacated." [132] at 11.

While declaratory relief is not barred against a judge by judicial immunity, the proposed "declaratory" relief sought by Plaintiff is not declaratory relief in the "true legal sense." *McCuskey*, 72 F. App'x at 477. "Declaratory judgments . . . are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Id.* They "are not meant simply to proclaim that one party is liable to another." *Id.* In *McCuskey*, the Seventh Circuit considered and rejected as "declaratory" the plaintiff's request that the district court "declare" that a magistrate judge and district court acted improperly when deciding a motion for a change of venue. *Id.* Similarly, this Court cannot "declare" that Arbitrator Bae violated Plaintiff's rights in a prior proceeding as a form of declaratory judgment. Plaintiff's proposed "declaratory" relief here is retrospective and thus not available to Plaintiff as a form of equitable relief. *See, e.g.*, *id.*; *Outley*, 2023 WL 4157185, at *6–7 (compiling cases and summarizing principles); *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019) ("[D]eclaratory relief is limited to *prospective* declaratory relief.").

The Court acknowledges that a court "should grant leave to amend after dismissal of the first complaint 'unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (quoting *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Commission,* 377 F.3d 682, 687 (7th Cir. 2004)) (emphasis in original). However, given the ruling on judicial immunity, the Court "cannot conceive of how any amendment could render [Arbitrator Bae] liable under the

6

circumstances of this case." *Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 908 (N.D. Ill. 2016), *aff'd*, 700 F. App'x 535 (7th Cir. 2017); *see Dawson*, 419 F.3d at 662 (affirming dismissal with prejudice of claims against judge on judicial immunity grounds). Thus, Plaintiff's claim against Arbitrator Bae is dismissed with prejudice.

## Conclusion

For the reasons stated above, Defendants' Motion to Dismiss [105] is granted, and Plaintiff's claim against Arbitrator Bae is dismissed with prejudice. The Court's review of the Second Amended Complaint reveals only state law claims remaining, and thus the Court intends to decline supplemental jurisdiction and dismiss these claims as well and without prejudice to refiling in state court. Nevertheless, to be sure that only state law claims remain, and that no diversity jurisdiction is available, the parties shall file a joint status report on subject matter jurisdiction by June 30, 2025.

**SO ORDERED.**

Dated: June 16, 2025

_____
Sunil R. Harjani
United States District Judge